UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TODD LINDSAY,

      Plaintiff,

v.                                         Case No. 5:22-cv-177-TJC-PRL

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

      Defendant.

## O R D E R

This case is before the Court on plaintiff's appeal of an administrative decision denying his claim for disability insurance benefits under the Social Security Act (Doc. 1). The parties filed briefs and the administrative record and, upon review of these filings, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 19) recommending that the Commissioner's decision be affirmed. Plaintiff filed objections (Doc. 20). The Commissioner did not respond but plaintiff's objections were addressed in her initial brief (Doc. 14) to which the Commissioner did respond (Doc. 18).

Upon de novo review, the Court agrees with the Magistrate Judge that the ALJ's decision is based on the correct legal standards and is supported by substantial evidence. However, the Court believes the absenteeism issue

deserves further discussion so it is footnoted.[1]

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's objections to the Report and Recommendation are

---

[1] The undersigned agrees with the Magistrate Judge's recommendations, including that absenteeism is not a basis in this case to remand. While the ALJ admittedly did not discuss absenteeism as a separate point, she noted the relevant rule (SSR-96-8p), thoroughly discussed plaintiff's medical treatment and records, noted his testimony regarding weekly shots, and heard testimony from the VE regarding the degree of tolerance for absenteeism in the job market. The ALJ found plaintiff's testimony as to the intensity, persistence, and limiting effects of his symptoms was not consistent with the medical evidence and was not persuaded that the evidence supported the severity of symptoms and degree of limitation plaintiff alleged. Her RFC findings reflect that, and did not include limitations based on absenteeism. On this record, substantial evidence supports the ALJ's decision. See Cherkaoui v. Comm'r of Soc. Sec., 678 F. App'x 902, 904 (11th Cir. 2017) (explaining that effects of treatment are part of an ALJ's consideration for assessing RFC under SSR 96-8p, but absenteeism itself is not an appropriate consideration for assessing RFC); see also Frank v. Barnhart, 326 F.3d 618, 621 (5th Cir. 2003) (rejecting the argument that an ALJ must articulate separate findings as to whether a plaintiff can perform a job and maintain the job); Sailem v. Kijakazi, No. 2:21-cv-103, 2023 WL 2564346, at *5-6 (S.D. Ga. Mar. 1, 2023) (explaining that courts assume an RFC assessment includes implicit findings of ability to work on a regular and continuing basis and that a VE's testimony about absenteeism indicates the ALJ considered it); Clark v. Comm'r of Soc. Sec., No. 8:20-cv-1261-WFJ-JSS, 2022 WL 428503, at *6 (M.D. Fla. Jan. 14, 2022) (finding substantial evidence supported ALJ's RFC assessment where VE testified about absenteeism, and ALJ found plaintiff's statements as to intensity, persistence, and limiting effects of symptoms were not consistent with medical evidence); J.P. v. Comm'r of Soc. Sec., No. 1:20-cv-12 (LAG)(TQL), 2021 WL 18994146, at *3 (M.D. Ga. Mar. 19, 2021) (explaining that ALJ's determination included implicit findings that plaintiff's medical appointments would not affect her ability to work where decision included extensive discussion of treatment record and VE testified about absenteeism).

**OVERRULED** and the Report and Recommendation of the Magistrate Judge (Doc. 19) is **ADOPTED** as the opinion of the Court.

2. The decision of the Commissioner is hereby **AFFIRMED**.

3. The Clerk is directed to enter judgment in favor of the Commissioner and against plaintiff, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of September, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

s.
copies:

Honorable Philip R. Lammens
United States Magistrate Judge

counsel of record

3